UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

YAKO RUSO,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-23-08

                   Plaintiff,                08 Civ. 3724 (PKC)

       -against-

                                       ORDER

EDWARD A. MORRISON, Esq., et al.,

                 Defendants.

------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:


        Plaintiff Ruso brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. According to the Complaint Oxford III, LLC ("LLC") is a defendant in the action (although not named as one in the caption) (Paragraph 7). Defendant LLC is alleged to be a limited liability company. A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000)( citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). See Rule 8(a), Fed. R. Civ. P.

        By May 9, 2008, plaintiff shall amend its complaint to allege the citizenship of each constituent person or entity of the defendant limited liability company (including the state of incorporation and principal place of business of any entity member). If, by the foregoing date, plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the complaint will be dismissed for lack of subject matter jurisdiction.

-2-

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

New York, New York
April 23, 2008