***MICHAEL L. MACKLOWITZ, ESQ.***
*Attorney At Law*
*299 Broadway, Suite 1405*
*New York, New York 10007*
*Tel: 212-227-6655   Fax: 212-732-6972*
*E-Mail: law299@aol.com*

August 5, 2008

Via Fax 212-805-7949

Honorable P. Kevin Castel
United States District Judge
United States district Court
Southern District o New York
500 Pearl Street, Room 2260
New York, NY 10007

                Re:    Ruso v. Morrison, *et al.*
                     08 CIV 3724 (PKC)

Dear Judge Castel:

     My office represents the plaintiff, Yako Ruso in the above referenced matter.  Pursuant to the Court's Order dated April 29, 2008, the parties hereby submit their joint letter addressing the issues requested by the Court for their scheduled initial conference on August 8, 2008 at 10:30 am.

     This action is brought by Plaintiff, a Turkish citizen, who alleges damages arising from a lost investment. Plaintiff alleges that he was solicited by the Defendants to enter into an investment transaction during 2003. Defendant Edward A. Morrison denies this allegation. Plaintiff alleges that Defendant Edward A. Morrison acting as attorney for defendant Cathay Continental Group, Ltd., together with Defendant Paul Holder, individually and as the sole managing member of Oxford III, LLC., induced the Plaintiff to turn over 4.5 million dollars into an escrow account controlled by attorney Morrison. Defendant Morrison denies this allegation. Defendant Morrison contends the proceeds were invested in a joint participation enterprise managed by Paul Holder and Oxford III, LLC., with security provided for by Paul Holder, and Oxford III, LLC., for any wrongful loss of these investment monies. Several months after the Plaintiff's initial investment, he requested and received the return of 2 million dollars, thereby decreasing his actual total investment to 2.5 million dollars.

      Plaintiff alleges that during the period of June 2003 through February 2004, Defendants Morrison and Holder expended the remaining 2.5 million dollars without securing Plaintiff's specific consent for most of these expenditures. Defendant Morrison denies this allegation. Plaintiff contends that Defendants are in breach of the existing contracts between them and have committed common law fraud. Defendant Morrison denies such contentions.  Plaintiff further contends that Morrison recklessly and negligently misappropriated Plaintiff's funds which were under Morrison's control in an escrow account subject to Defendant Holder's directions, and Defendant Morrison further violated his fiduciary duty to the Plaintiff by releasing any of these funds to third parties. Defendant Morrison denies these contentions and contends that the disbursement of 2.5 million dollars was made with full knowledge and consent of the appropriate parties.

      Until discovery is complete there is are no contemplated motions at this time.

      At this juncture there is no prospect for settlement, although the parties have been communicating.

      At the initial conference the parties will submit a management plan and scheduling order.

      Very truly yours,

/s/
Michael L. Macklowitz

MLM:cf